**PITTSBURGH CONSOLIDATION COAL COMPANY, Appellant,**

v.

**George W. JOHNSON and John Johnson, Appellees.**

Court of Appeals of Kentucky.

Sept. 20, 1957.

Francis L. Rice, Pikeville, for appellant.

Henry D. Stratton, Pikeville, for appellee.

CLAY, Commissioner.

This controversy involves the title to approximately 11 acres of coal land in Pike County. Appellees Johnson were adjudged the owners and were awarded damages for coal removed by appellant, Pittsburgh Consolidation Coal Company.

Appellant bases its claim to the principal part of the property on a Fleming patent issued in 1856. Appellees' claim is based on a Vanover patent dated 1873. Appellant's claim under the senior Fleming patent should prevail if it was shown to include the property in controversy.

Passing the contention raised by appellees that the Fleming patent was void for uncertainty, it appears that there was excepted therefrom (under the surveyor's certificate) 48 unidentified acres. Appellant failed to prove that the excepted 48 acres did not include the property in controversy, and consequently did not establish title to it through the Fleming patent. See Tennis Coal Co. v. Sackett, 172 Ky. 729, 190 S.W. 130.

Appellant contends the trial court erred in overruling a motion to reopen the case after submission for judgment so that appellant could introduce evidence with respect to the location of the excepted 48 acres under the Fleming patent. Apparently the significance or necessity of this evidence was overlooked during the course of the trial, and it is contended that in the interests of justice the trial court should have allowed additional proof.

This suit was filed in 1947 and proof was taken through 1955. It was only after the case had been submitted for judgment and the trial court had rendered an oral opinion that appellant realized the importance of this additional evidence. It seems to us that nine years is sufficient time within which counsel for both sides should be able to identify and adduce proof with respect to the essential phases of their controversy. Clearly the trial court did not abuse its discretion in refusing to permit the taking of additional proof.

It is evident to us that appellant failed to establish its claim under the senior Fleming patent.

Appellant also contends that appellees are estopped to assert their title because in accepting a conveyance in 1923 from a party in appellant's chain of title

they recognized that superior title. There are two answers to this contention. In the first place, a party may buy an outstanding claim without estopping himself from denying the validity of the other's title. Warfield Natural Gas Co. v. Ward, 286 Ky. 73, 149 S.W.2d 705. Secondly, since appellant's claim originated prior to the conveyance in 1923, there of course could have been no reliance by appellant upon appellees' acts.

We find no error in the record.

The judgment is affirmed.